27 C.C.P.A.(Patents)

### In re MADSEN.
### Patent Appeal No. 4229.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Charles M. Thomas, of Washington, D. C., and Henry E. Rockwell, of New Haven, Conn., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting all of the claims of appellant's application for a patent, five in number, for lack of patentability over the cited prior art.

Claim 1 is illustrative of the claims in issue, and reads as follows: "1. A football or like ball for use in athletic contests having a relatively stiff case and an inner relatively thin elastic inflatable bladder, said bladder comprising a one-piece molded and vulcanized collapsible body having a dense homogeneous wall preshaped in all portions thereof to correspond in contour to the adjacent portions of the enclosing case, said body having integral interior meridian ribs in different planes extending across the poles, and likewise comprising as a part thereof an elastic inflating-valve-carrying structure associated with the wall between certain ribs and provided with a valve accessible from the exterior of the case."

The references cited are: Eggers, 1,-163,987, December 14, 1915; Eggers et al., 1,400,146, December 13, 1921; Predmore, 1,913,454, June 13, 1933.

The subject matter of the claimed invention is sufficiently described in the above-quoted claim. The claimed novelty in appellant's disclosure consists of the element in the quoted claim reading: "said body having integral interior meridian ribs in different planes extending across the poles."

It is the contention of appellant that said ribs not only reinforce the bladder but cause the bladder to conform to the inner surface of the cover and maintain uniform inflation of the different parts of the ball, lessening the danger of rupture of the bladder upon inflation due to nonuniform distention of the walls of the bladder, which is initially formed from a plurality of gores of uncured rubber stock in which there may be unavoidable variations in thickness.

The patent to Predmore discloses a bladder made up of gores joined at their edges "in any well-known manner." There is no suggestion of ribs upon the interior surface of the bladder.

The patents to Eggers are described in the statement of the examiner as follows: "Both of the Eggers patents disclose rubber balls made up in sections. Each section is formed with a flange at its edge and the flanges of adjacent sections are joined and the ball placed in smooth spherical mold and molded and vulcanized with heat and under pressure. During the molding the edges of the sections flow together and the flanged portions are forced inwardly by the mold and become inwardly extending 'ribs.'"

Appellant vigorously challenges the correctness of the above-quoted description of the disclosures of the Eggers patents. Whether or not they disclose "inwardly extending 'ribs'" is the only question before us. If they do, then it is clear that appellant's claims were properly rejected for lack of invention. If they do not, there is no art of record to negative invention and the claims should be allowed, there being no other ground of rejection of the claims. The decision of the Board of Appeals affirming the decision of the examiner is contained in two short paragraphs, and we must look to the examiner's statement for the grounds of rejection of appellant's claims.

We do not think the description of the disclosures of the Eggers patents given by the examiner as above-quoted is entirely accurate. Each patent recites that the flanges referred to by the examiner are cut off by knives before vulcanization, leaving, to quote from patent No. 1,163,-987, "only a narrow projecting bead on the outside of the roughly formed ball of raw rubber, * * *." In patent No. 1,400,-146 a similar statement is made with respect to this bead. Patent No. 1,163,987 states: "* * * In placing the article in the vulcanizer the position of the external bead $a^3$ can be disregarded, for in so placing the article the bead is simply pressed inward and in the process of vulcanizing is completely absorbed or obliterated, so that when the article comes from the mold there can be found on its surface no projection due to the bead and at most only a trace of it and of the joint formed by it is discernible."

It will be observed that while the above-quoted language refers to "the external bead $a^3$" there is no mention of any internal bead, and it is stated that this external bead, in the process of vulcanizing "is completely absorbed or obliterated." If this be true, there could not be left "inwardly extending 'ribs'" as held by the examiner and affirmed by the board.

In patent No. 1,400,146 this feature is also described as follows: "* * * As vulcanization proceeds the internal pressure holds all parts of the ball against the surrounding parts of the mold, the bead disappears, the surplus material merging in the adjacent parts of the ball. This same result would be attained if the article under process had irregular surfaces other than the bead mentioned."

Here, it will be observed, it is stated that "the bead disappears, the surplus material merging in the adjacent parts of the ball." It seems obvious that if the bead disappears and merges with adjacent parts of the ball, there could not remain, when the process is complete, "inwardly extending 'ribs'."

■ The attorney for the commissioner in his brief argues that the drawings of the Eggers patents clearly disclose a rib on the interior of the ball. We are not clear as to this, but if it be a fact that some of the drawings so indicate, it is only in an intermediate stage of the manufacture of the ball, and there is nothing either in the drawings or written specifications to indicate that the completed ball has any interior ribs whatever; on the contrary, from the above quotations from the patents, it seems clear that such ribs are not present in the completed ball. Of course, if such ribs were shown in some intermediate stage of the process of manufacture and later eliminated from the completed article, such a showing could not properly be used in connection with the Predmore patent to negative invention in the article described in appellant's claims.

■ It is our opinion that the board erred in holding that appellant's structure would be produced by substituting the joints disclosed in the Eggers patents for the joints disclosed in the Predmore patent.

The essence of appellant's invention is the interior ribs of the bladder. Inasmuch as we hold that this feature is not disclosed or suggested by the cited references, the decision appealed from is reversed.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

